UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SAMANTHA WRIGHT, | Case No. 3:24-cv-00253-MMD-CLB |
| Petitioner, | ORDER |
| v. | |
| PYRAMID LAKE PAIUTE TRIBE HUMAN SERVICES, | |
| Respondent. | |

**I.   SUMMARY**

This habeas matter is before the Court for initial review of Petitioner Samantha Wright's *pro se* petition for writ of habeas corpus (ECF No. 1 ("Petition")) under 28 U.S.C. § 2241 under the rules governing § 2254 cases.[1] The Court summarily dismisses the petition for lack of jurisdiction.

**II.   DISCUSSION**

Under Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). The rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

Petitioner asserts that her child was removed from her custody by the Pyramid Lake Paiute Tribe Human Services for allegations related to abuse. (ECF No. 1 at 6, 10.)

---

[1]All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the rules governing § 2254 cases in the United States District Courts. Petitioner filed the petition under 28 U.S.C. § 2241; however, the Court will apply the Rules in this action as authorized by Habeas Rule 1(b).

She further asserts that an adjudicatory hearing was unreasonably delayed and that her child is being illegally held. (*Id*. at 2, 6.) Petitioner requests the immediate release of her child into her custody. (*Id*. at 7.)

### A.    § 2241 Petition

"'Federal courts are courts of limited jurisdiction,' possessing 'only power authorized by the Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013). "If the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). *See also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974). Federal courts are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *A-Z Int'l v. Phillips*, 749 F.3d 1141, 1145 (9th Cir. 2003).

A federal district court may only consider a habeas petition if the petitioner was in custody at the time of filing of the federal petition. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (per curiam); *Bailey v. Hill*, 599 F.3d 976, 978-79 (9th Cir. 2010). Children who are removed from a parent's custody as a result of state court dependency proceedings are not "in custody" for purposes of habeas jurisdiction. *Lehman v. Lycoming Cty. Children's Servs. Agency*, 458 U.S. 502, 511 (1982).

Here, to the extent that Petitioner has filed a petition under 28 U.S.C. § 2241, she is not "in custody" in violation of the Constitution or laws or treaties of the United States, as she alleges no restraints upon her person other than that her child is being held by tribal human services. Accordingly, as Petitioner was not in custody when she filed her federal petition as contemplated by 28 U.S.C. § 2241, the Court lacks jurisdiction to grant her habeas relief.

### B.    § 1303 Petition

Petitioner filed a notice that the title of her petition should be changed to petition for writ of habeas corpus under 25 U.S.C. § 1303. (ECF No. 3.) A petitioner who is in detention pursuant to a tribal decision may file a petition under 25 U.S.C. § 1303. "The privilege of the writ of habeas corpus shall be available to any person, in the court of the

United States, to test the legality of his detention by order of an Indian tribe." 25 U.S.C. § 1303; *see also Tavares v. Whitehouse*, 851 F.3d 863, 883 (9th Cir. 2017), *cert. denied*, 138 S. Ct. 1323 (2018).

To the extent that Petitioner is attempting to file a petition under 25 U.S.C. § 1303, federal habeas corpus relief under 25 U.S.C. § 1303 is not available to test the validity of child custody decrees that are within the jurisdiction of the tribal court. *Azure-Lone Fight v. Cain*, 317 F. Supp. 2d 1148, 1151 (D.N.D. 2004). Native tribes "exercise inherent sovereign authority over their members and territories." *Oklahoma Tax Comm'n v. Citizen Band Potawatomi Indian Tribe*, 498 U.S. 505 (1991). Federal district courts do not have jurisdiction to review the judicial acts of tribal courts, including child custody decisions, under any statute, including the Indian Civil Rights Act ("ICRA"), 25 U.S.C. §§ 1301-1303. Congress did not provide a private right of action in the ICRA, but provided only the remedy of habeas corpus. *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 70 (1978). *See LaBeau v. Dakota*, 815 F. Supp. 1074, 1076 (W.D. Mich. 1993) ("[F]ederal courts do not have jurisdiction to review child custody decisions that are within the jurisdiction of a tribal court.").

The Ninth Circuit has recognized that "the term 'detention' in the [ICRA] statute must be interpreted similarly to the 'in custody' requirement in other habeas contexts." *Jeffredo v. Macarro*, 599 F.3d 913, 918 (9th Cir. 2009) (holding that district court dismissal of 25 U.S.C. § 1303 petition was proper where appellants were not detained); *see Tavares v. Whitehouse*, 851 F.3d 863, 883 (9th Cir. 2017) (Wardlaw, J., concurring, in part); *see also Valenzuela v. Silversmith*, 699 F.3d 1199, 1203 (10th Cir. 2012) ("recogniz[ing] that the detention language in § 1303 is analogous to the 'in custody' requirement contained in other federal habeas statutes.")

Accordingly, the Court lacks jurisdiction under § 1303 to review the propriety of tribal court child custody decisions because the child is not "detained" for purposes of the statute. Federal question jurisdiction, however, exists to determine whether a tribal court has exceeded its jurisdiction, even in child custody cases. Here, Petitioner has not alleged

that the tribal court exceeded its jurisdiction. In addition, "[t]he tribal exhaustion rule requires that 'absent exceptional circumstances, federal courts typically should abstain from hearing cases that challenge the tribal court jurisdiction until tribal court remedies, including tribal appellate review, are exhausted." *Thlopthlocco Tribal Town v. Stidham*, 762 F.3d 1226, 1237 (10th Cir. 2014). Petitioner has not alleged that she exhausted her tribal court remedies. Accordingly, to the extent that Petitioner is attempting to file a petition under 25 U.S.C. § 1303, the Court dismisses the action without prejudice to Petitioner filing a separate § 1303 petition in a new action.

### III.   CONCLUSION

It is therefore ordered that Petitioner Samantha Wright's petition for writ of habeas corpus (ECF No. 1) under 28 U.S.C. § 2241 is denied, and this action is dismissed with prejudice.

It is further ordered that, to the extent Petitioner filed a petition under 25 U.S.C. § 1303, her petition is denied, and this action is dismissed without prejudice to Petitioner filing a separate 25 U.S.C. § 1303 petition in a new action.

It is further ordered that Petitioner is denied a certificate of appealability, as jurists of reason would not find the Court's dismissal of the petition to be debatable or wrong.

The Clerk of Court is directed to enter final judgment accordingly and close this case.

DATED THIS 17th Day of July 2024.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE